UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT WILLIAM FAUL, | Case No. 22-CV-2993 (MJD/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| MICHAEL LEJEUNE, Warden, | |
| Respondent. | |

This matter is before the Court on Mr. Faul's petition for a writ of habeas corpus and the United States' request for an extension of time to respond to that petition. (Dkt. Nos. 1, 6.) The Court will grant a 14-day, as opposed to a 60-day, extension in this case.

Mr. Faul filed his petition on November 30, 2022. (Petition, Dkt. No. 1, at 1.) Mr. Faul claims that he is presumptively eligible for parole under 18 U.S.C. § 4206(d) because he has served 30 years of a life sentence. (*Id.* at 10.) The exhibits he submitted with his petition suggest that his presumptive release date is February 14, 2023. (Sentence Monitoring, Dkt. No. 1-2.)

On January 13, the Court ordered the United States to answer Mr. Faul's petition within 14 days, "certifying the true cause and proper duration of Mr. Faul's confinement and showing cause why the writ should not be granted in this case." (Order, Dkt. No. 5.) Two days before the deadline, the United States asked to extend the date by which their response was due by 60 days. (Request, Dkt. No. 6, at 1.) The United States claimed good cause existed because Mr. Faul has a hearing before the U.S. Parole Board in February and

1

that the United States needs "additional time to receive information from the [U.S. Parole Board] and the [Bureau of Prisons] that is necessary to file an appropriate response to the petition." (*Id*. at 2.) The United States did not explain what information it needed to complete its response to the petition for habeas corpus or why it could not acquire that information in the nearly two weeks that have passed since the Court issued its order.

The writ of habeas corpus allows a prisoner to demand that their "jailer . . . justify the detention under the law." *Peyton v. Rowe*, 391 U.S. 54, 58 (1968). Such demands should be handled swiftly whenever possible. *See Jones v. Shell*, 572 F.2d 1278, 1280 (8th Cir. 1978). Without more of an explanation as to why the United States cannot complete its response in the required time with the information it currently has in its possession, the Court is hesitant to grant any extension at all. Nevertheless, the Court will grant a two-week extension for the United States to file an answer. Mr. Faul will file his response, if any, one week after receiving service of the answer. Should either party find it necessary to provide additional information to the Court, it may file a letter of up to three single-spaced pages on the Court's CM/ECF system, or, in the case of Mr. Faul, by U.S. Mail. Mr. Faul should note, however, that such a letter is a public court filing and that therefore it would not be proper to designate such a letter as "Legal Mail" for prison security purposes.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Respondent is directed to file an answer to the petition for a writ of habeas corpus of Scott William Faul on or before February 10, 2023, certifying the

       true cause and proper duration of Mr. Faul's confinement and showing cause why the writ should not be granted in this case.

2. Respondent's answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Mr. Faul's incarceration, in light of the issues raised in the petition;

    b. A reasoned memorandum of law and fact fully stating respondent's legal position on Mr. Faul's claims; and

    c. Respondent's recommendation on whether an evidentiary hearing should be conducted in this matter.

3. If Mr. Faul intends to file a reply to respondent's answer, he must do so within 7 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

Dated: January 26, 2023

*s/ John F. Docherty*
John F. Docherty
United States Magistrate Judge